DEVALL *et ux. v.* FARRIS.

(Division B. June 5, 1939.)

[189 So. 516. No. 33741.]

Adams & Long, of Tupelo, for appellants.

**I. L. Sheffield,** of Fulton, for appellee.

Argued orally by **S. H. Long**, for appellants, and by **I. L. Sheffield**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

On January 17, 1930, the appellants, J. W. Devall and wife, became indebted to the Peoples Bank and Trust Company at Tupelo, Mississippi, in the sum of $214.70, evidenced by their joint promissory note due November 1, 1930. As security for this indebtedness, they executed a deed of trust on eighty acres of land described as the S½ of SW¼, S. 2, T. 11, R. 8, in Itawamba County. The indebtedness not having been paid, the deed of trust was finally foreclosed at some time prior to September, 1935, when the bank became the purchaser of the land at a price something in excess of one-half of the indebtedness then due. In September, 1935, the appellants claim that the appellee, J. H. Farris, came to them and represented that the indebtedness due the bank at that time amounted to $275, including interest and some taxes which had been paid by the bank; that he had purchased

the note and deed of trust, and that he then held the security against the eighty acres of land; that, relying upon this representation, the appellants, then being unable to pay this indebtedness which was long past due, agreed to execute and did execute in favor of the appellee a note and deed of trust for the sum of $200 against this eighty acres and also covering another eighty-acre tract located in S. 11, T. 11, R. 8 East, in said county, together with a timber deed for the merchantable timber on all of said land, for the sum of $75, the price of the timber to be applied on the indebtedness than due of $275; that at the time of the execution of the note, deed of trust and timber deed, the appellee told them that he had the note and deed of trust in his possession, which had formerly been held by the said Peoples Bank & Trust Company, but they say that thereafter they received notice from the said bank in June, 1936, demanding the payment of a balance of $120 and accrued interest on the said indebtedness; that they complained to the appellee about the matter and were advised by him to pay no attention to the notice, again assuring them that he had bought the note and had it in his possession.

On the other hand, the appellee testified in the court below that immediately prior to the execution of the note and deed of trust by the appellants in his favor for the sum of $200 covering both of the two eighty-acre tracts of land and the deed for the timber thereon, he agreed with the appellants to purchase the eighty acres of land in section 2 from the bank for appellants and to give them a chance to pay for it, saying that he told them ''I don't know what I can buy it for;'' that, ''I think we talked about it, may be two or three times, . . . before we ever come to a conclusion about whether I would buy it for him or not, and finally one day, I says, Bob, I reckon you can pay for this place if I buy the timber, if you are willing to take $75.00 for the timber;'' that this was agreed upon, and that the appellants were to give him four notes of $50 each, bearing 6% interest per annum,

payable one each year until the $200 was paid, and that they agreed to execute the timber deed accordingly for $75 as a credit on the purchase price of $275. The appellee further testified that ''I went right straight the next day or two to see the bank. I went over and bought the land for $125.00.'' Further, that ''I come on back and told Mr. Devall I bought the land and if you want to do what you said the other day down here, let's go and make the deed;'' that Mr. Devall said ''I have backed out, I don't want to give but one eighty.'' Finally, in order to save the land, the appellants agreed to give the $200 note and deed of trust on the two eighty-acre tracts, and to execute the timber deed as heretofore stated. This was done on the 10th day of September, 1935. The truth was that the appellee had not purchased the eighty-acre tract in section 2, as he had stated to the appellants, but had only ascertained what he could purchase it for and withheld that information from the appellants. After obtaining the $200 note and deed of trust and the timber deed, the appellee thereafter, on September 21, 1935, obtained a deed from the bank in his own favor for the sum of $125. He claims to have executed a deed in favor of appellants for the eighty acres so purchased, and that he left it at the bank for delivery to them in the event they paid off the $275. The deed was never tendered to appellants, nor were they ever advised of its execution and delivery to the bank, if in fact this was ever done. He says it was delivered back to him by the bank through mistake.

Default having been made in the payment of the $200 note and deed of trust given by the appellants in favor of the appellee on both tracts of the land, the appellee caused the deed of trust to be foreclosed and purchased both eighty-acre tracts of the land at the trustee's sale for the sum of $125, being the full amount which he had expended in the transaction, and in addition thereto got all of the timber.

The appellants filed their bill of complaint to set aside

the foreclosure and to cancel the trustee's deed for the land, as well as the deed for the timber. The appellee made his answer a cross-bill, asked that his title be confirmed and quieted, and that the claim of the appellants be cancelled. From a final decree granting this relief to the appellee as cross-complainant, this appeal is prosecuted.

The appellee Farris was not entitled to the relief granted him; and this is true without regard to whether the agreement between the parties was in accordance with the version given by the appellants in regard thereto, or was in accordance with that given by the appellee. If it were true, as testified to by the appellants, that the appellee represented to them that he had bought the indebtedness of $275 owed by them to the bank and that by means of such representation obtained their note and deed of trust on the two tracts of land and a deed to the timber thereon, when in truth and in fact the bank still holds the original indebtedness against the appellants, less the price bid by it for the eighty acres at the foreclosure sale of its deed of trust, then, the deed of trust obtained by the appellee on this and the additional eighty acres, as well as the timber deed, was wholly without consideration and void. If, on the other hand, it were true, as testified to by the appellee, that he agreed to purchase the eighty acres from the bank for the appellants, telling them at the time that he did not know what price it could be purchased for, and he later purchased it for $125 without disclosing the fact that he was only to pay that amount therefor, he has no right to profit by the transaction at their expense. Moreover, no deed having ever been delivered for this eighty acres, and no tender thereof having been made, the note and deed of trust for the $200 on the other tract and the timber deed were likewise without consideration, under the appellee's own version of the transaction. But since the proof discloses, according to the appellee's testimony, that he agreed to purchase the eighty acres from the bank

for the appellants and took security on that eighty acres and the other land, together with the timber deed, in advance of making the purchase from the bank, he will be held in equity to have obtained the title to the eighty acres in trust for them; and he is entitled only to be reimbursed to the extent of the $125 paid by him, together with accrued interest thereon at the legal rate, plus any sums that he may have expended for taxes on any of the land in question, the amount to be ascertained upon a remand of the cause. Upon the payment or tender of the amount so ascertained, the appellants will be entitled to a decree cancelling the $200 note and deed of trust, the trustee's deed executed in the foreclosure thereof, as well as the timber deed hereinbefore mentioned.

We deem it wholly unnecessary to prolong this opinion by a citation of authorities in support of the foregoing conclusions.

Reversed and remanded.